730 P.2d 1063

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John William BROWN, Defendant-Appellant.**

**No. 16378.**

Court of Appeals of Idaho.

Dec. 29, 1986.

John William Brown, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

**144**

PER CURIAM.

John Brown was cited for speeding in violation of I.C. § 49–681(2) an offense which is defined as an infraction. I.C. §§ 49–3401(3), 49–3406. He demanded a jury trial. The Idaho Traffic Infractions Act (ITIA) states that an infraction is a "public offense ... for which there is no right to a trial by jury...." I.C. § 49–3401(3). Accordingly, Brown's trial was held before a magistrate who found that Brown had committed the infraction. The court assessed a small fine and court costs. Brown appealed to the district court and, losing there, has appealed again. He contends that the ITIA impermissibly deprives him of his constitutional right to a jury trial.

The Idaho Supreme Court recently addressed this identical issue in a detailed opinion involving similar facts. *See State v. Bennion,* 112 Idaho 32, 730 P.2d 952 (1986). The Supreme Court carefully reviewed the history, intent and scope of the constitutional guarantees of trial by jury. Against that background the Court examined the newly enacted ITIA. The Court focused upon the legislative intent to decriminalize certain traffic offenses and to avoid time-consuming and costly jury trials in such cases. The Supreme Court ultimately ruled that because traffic infractions are not punishable by imprisonment or other criminal sanctions beyond a maximum fine of $100, such offenses may be handled in summary proceedings in which there is no right to a jury trial. The *Bennion* case is controlling here. Accordingly, we affirm the district court.